FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUL 06 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

BRETT L. TOLMAN, United States Attorney (#8821)
CARLIE CHRISTENSEN, Assistant United States Attorney (# 0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:09-cr-044 CW |
| Plaintiff, | : | |
| | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | : | |
| JEANNE REDD, | : | |
| | : | Hon. Clark Waddoups |
| Defendant. | : | |

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Counts 1-7 of the Superseding Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

> (a) The elements of Counts 1 and 7 are: 1) defendant did receive, conceal or retain property, 2) belonging to the United States, 3) with a value of more than $1000, 4) intending to convert it to her own use or gain, and 5) knowing it had been embezzled, stolen, purloined or converted.

> (b) The elements of Counts 2, 3 and 4 are: 1) defendant did receive, conceal or detain property, 2) belonging to an Indian tribal organization, 3) with a value of more than $1000, 4) knowing it had been embezzled, stolen, purloined or converted.

(c) The elements of Counts 5 and 6 are: 1) defendant did knowingly purchase, sell, exchange or receive, 2) archeological resources, 3) which were excavated or removed from public lands in violation of Federal law, and 4) were valued in excess of $500.

2. I know that the maximum possible penalty provided by law for Counts 1 and 7 of the Superseding Indictment, THEFT OF GOVERNMENT PROPERTY, a violation of 18 U.S.C. § 641, is a term of imprisonment of up to 10 years, a fine of $250,000, and a term of supervised release of up to 3 years. I know that the maximum possible penalty provided by law for Counts 2, 3 and 4 of the Superseding Indictment, THEFT OF TRIBAL PROPERTY, a violation of 18 U.S.C. §1163, is a term of imprisonment of up to 5 years, a fine of $250,000, and a term of supervised release of up to 3 years. I know that the maximum possible penalty provided by law for Counts 5 and 6 of the Superseding Indictment, TRAFFICKING IN STOLEN ARTIFACTS, a violation of 16 U.S.C. § 470ee is a term of imprisonment of up to 2 years, a fine of $250,000, and a term of supervised release of up to 3 years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

>(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

(Count 1) On September 19, 2007 I possessed and displayed a black on white ceramic mug to a person I now know to be a confidential source working with the Bureau of Land Management ("BLM") and the Federal Bureau of Investigation ("FBI"). This event took place in my home in Blanding, Utah. I knew that the mug was taken without

legal authority from a Native American prehistoric ruin, which was located in Owl Creek, which is situated on public lands belonging to the United States and administered by the BLM. I acknowledge that the mug is valued in excess of $1000.

(Count 2) On September 19, 2007, I possessed and displayed a hafted axe to a person I now know to be a confidential source working with the BLM and FBI. This event took place in my home in Blanding, Utah. I knew that the hafted axe was taken without legal authority from a Native American prehistoric ruin located on tribal lands within the Navajo Reservation. I acknowledge that the hafted axe is valued in excess of $1000.

(Count 3) On September 19, 2007, I possessed and displayed a gourd with necklace to a person I now know to be a confidential source working with the BLM and FBI. This event took place in my home in Blanding, Utah. I knew that the gourd with necklace was taken without legal authority from a Native American prehistoric ruin located on tribal lands within the Navajo Reservation. I acknowledge that the gourd with necklace is valued in excess of $1000.

(Count 4) On March 27, 2008, I possessed and displayed an effigy bird pendant to a person I now know to be a confidential source working with the BLM and the FBI. This event took place in my home in Blanding, Utah. I knew that the pendant was taken without legal authority from the Navajo Indian Reservation, from a location known as Black Mesa, near Kayenta, Arizona. I acknowledge that the pendant is valued in excess of $1000.

(Count 5) On March 27, 2008, I exchanged a stone and a pottery pendant for a turquoise pendant with a person I now know to be a confidential source working with the BLM and the FBI. This event took place in my home in Blanding, Utah. The turquoise pendant were taken without legal authority from Butler Wash, which is located on public lands of the United States and administered by the BLM. I acknowledge that the pendants are valued in excess of $500.

(Count 6) On October 6, 2008, I sold four prehistoric sandals to a person I now know to be a confidential source working with the BLM and the FBI. I excavated the sandals from lands administered by the United States Forest Service, in violation of Federal law. I acknowledge that the sandals are valued in excess of $500.

(Count 7) On October 6, 2008, I sold four prehistoric sandals to a person I now know to be a confidential source working with the BLM and the FBI. I excavated the sandals from public lands of the United States which are administered by the United States Forest Service, in violation of Federal law. I acknowledge that the sandals are valued in excess of $1,000.

12.     The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A.     The defendant agrees:

        (1) To plead guilty to counts 1 through 7 of the Indictment and to waive any defenses to those counts that relate to the venue in which the offenses occurred.

        (2) To forfeit to the BLM all interest in any equipment related to these offenses that the defendant currently owns or over which she exercises control, directly or indirectly including any property she has transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of these offenses, including the following specific property:

        One (1) Apple Imac Home Computer to include screen and keyboard; three (3) Dell towers; and one Magellan GPS Unit.

        (3) To forfeit to the BLM all interest in any archaeological artifact, that the defendant currently owns or over which she exercises control, directly or indirectly, including on consignment, regardless of its source or its country of origin, including any property she has transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of these offenses, and including artifacts seized by the BLM during the execution of a search warrant on her premises on June 10, 2009.

        (4) To warrant that she is the sole owner of the property listed above, and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

        (5) To waive all interest in any equipment or archaeological artifacts in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges and understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to

advise her of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

(6) To consent to full access, control and search of her residence, outbuildings, and vehicles by agents and employees of the FBI and BLM for the purpose of identifying, removing, and preparing for safe transport all archaeological artifacts subject to forfeiture as described above.

(7) To refrain from entry onto tribal lands and public lands <u>owned</u> administered by the BLM, United States Forest Service, National Park Service, and National Wildlife Refuge system during the period of supervised release or probation imposed by the court. Exception may be made for travel through public lands on established highways or public roads as necessary for travel consistent with defendant's business or personal affairs not associated in any way with the collection or excavation of archeological artifacts.

(8) To refrain from the purchase, sale, exchange, excavation or removal of archaeological resources, regardless of their legality or origin, and to refrain associating with persons involved in such activities

(10) That if she violates any term or condition of this agreement, this agreement may be declared null and void by the Court. If that occurs, the United States can and will proceed to prosecute her on any remaining counts pending against her and any other crimes known to the United States. Defendant understands that this subsequent prosecution will occur notwithstanding any previous dismissal of the counts, and that her plea of "Guilty" and sentence in this case will be unaffected by any such subsequent prosecution.

B.  The United States agrees:

(1) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for her offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines; and

(2) To recommend at sentencing that the defendant be sentenced at the low-end of the range in the U.S. Sentencing Guidelines. The United States' agreement is based on the present facts and circumstances, and if the facts change, the United States shall not be bound by this provision.

\*    \*    \*    \*

I make the following representations to the Court:

1. I am _59_ years of age. My education consists of __12th + H.S. College__ . I __can__ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court. .

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 6 day of July, 2009.

_____
JEANNE REDD
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained her rights to her, and I have assisted her in completing this form. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 6th day of July, 2009.

_____
ROD SNOW
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 6th day of July, 2009.

BRETT L. TOLMAN
United States Attorney

_____
RICHARD D. McKELVIE
Assistant United States Attorney