```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF UTAH

                           CENTRAL DIVISION


    In re:                      )
                                )
    UNITED STATES OF            )
    AMERICA,                    )
                                )
                                )
          Plaintiff,            )
                                )
    vs.                         )   Case No. 2:09-CR-00044
                                )
    JEANNE H. REDD,             )
                                )
          Defendant.            )
                                )
    _____    )
```

BEFORE THE HONORABLE CLARK WADDOUPS

September 16, 2009

Sentencing Hearing

Laura W. Robinson, CSR, RPR, CP
144 U.S. Courthouse
350 South Main Street
Salt Lake City, Utah 84101-2180
(801)328-4800

1

```
Appearances of Counsel:

For the Plaintiff:      Richard D. McKelvie
                        Attorney at Law
                        U.S. Attorney's Office
                        185 S. State Street
                        Suite 400
                        Salt Lake City, Utah 84111

For the Defendant:      Rod W. Snow
                        Attorney at Law
                        Dixon & Snow PC
                        455 Sherman Street
                        Suite 400
                        Denver, CO 80203

                        Mark R. Moffat
                        Brown Bradshaw & Moffat
                        10 West Broadway
                        Suite 210
                        Salt Lake City, Utah 84101
```

```
 1                  Salt Lake City, Utah, September 16, 2009
 2                              * * * * *
 3          THE COURT:  Let's turn now to the next case which is
 4   the United States versus Jeanne Redd, case 2:09-CR-44.
 5   Mrs. Redd, if you would come forward with your counsel.
 6          As in the last case, let's start with the calculation
 7   of the guidelines which is required.  Under the guideline
 8   calculation as set forth in the presentence report, the base
 9   offense level is eight, which is increased by four because
10   of the cultural heritage resource exceeding $10,000.  There
11   is also a special offense characteristic of an additional
12   two points and an additional two points because it was
13   committed for pecuniary gain and an additional two points
14   because there was a pattern of misconduct bringing the total
15   to 18.
16          Credit has been given for acceptance of responsibility
17   to deduct three points bringing the total offense level to
18   15.  The criminal history category as developed in the
19   presentence report results in a criminal history category of
20   one.
21          Under the guidelines, this would result in a sentence
22   in the range of 18 to 24 months.  Are there any corrections
23   to the guideline calculations as set forth in the
24   presentence report?
25          MR. MCKELVIE:  No.  None from the United States, Your
```

1    Honor.
2         MR. SNOW:  No, Judge.  Thank you.
3         THE COURT:  The court has carefully read the
4    presentence report including the statement from Mrs. Redd.
5    Are there any factual corrections that should be made in the
6    presentence report?
7         MR. MCKELVIE:  No, Your Honor.
8         MR. SNOW:  No, Judge.  Thank you.
9         THE COURT:  The court will accept the presentence
10   report.  And it will be used as a basis for sentencing.  The
11   court has also taken into account a number of letters that
12   were submitted in addition to the defendant's personal
13   statement.  I have read each of those carefully and take
14   them into account in determining what the appropriate
15   sentence in this case is.
16        Mr. McKelvie, does the United States wish to make a
17   statement?
18        MR. MCKELVIE:  Your Honor, consistent with the plea
19   agreement, again, it is the position of the United States
20   Attorney that the court should sentence the defendant to the
21   low end of the guideline range.
22        THE COURT:  Mr. Snow, does the defendant -- do you
23   wish to make any statement on behalf of the defendant?
24        MR. SNOW:  I do.  Just briefly, Judge.  We're actually
25   asking the court to depart from that lower end, Judge, and

```
 1     sentence to probation for all of the circumstances of which
 2     the court is aware.  My client has, if there is such a thing
 3     as atoning for civil crimes or criminal crimes, in this
 4     case, she has done everything that she can.  She has done
 5     everything that she has been asked to do.  She has expressed
 6     contrition and we're asking the court to take the totality
 7     of these circumstances into account and to depart from the
 8     guidelines to make this a probationary sentence.
 9            THE COURT:  Okay.  Mrs. Redd, I have read your
10     statement in the presentence report.  You're not required to
11     say anything further.  If you wish to make a statement,
12     however, I would invite you to do so.
13            THE DEFENDANT:  No.  Thank you, Your Honor.
14            THE COURT:  Thank you.  I am prepared to impose
15     sentence based on all of the information.  And I should
16     state for you Mrs. Redd, and others who may want to know,
17     the law imposes upon me as the judge in this matter to
18     impose a sentence that is appropriate in this case.  The law
19     dictates that it be sufficient to justify the penalty, but
20     not greater than necessary.  And the law also imposes that I
21     not be guided simply by the guidelines and I cannot presume
22     that the guideline ranges are reasonable.  I have to assess
23     each case individually taking into account all of the
24     circumstances of that case, all of the comments that are
25     made and all of the circumstances that led to the offense
```

```
 1      and what would be appropriate in terms of punishment for
 2      that case.
 3           I have done that and I am going to vary from the
 4      guideline range and I'm going to provide as justification
 5      that as set forth in Section 3553 the following reasons.
 6           First, I am to consider the nature and circumstances
 7      of the offense and the history and the characteristics of
 8      the offender.  The nature of the offense is serious and the
 9      court does not minimize the seriousness of the offense and
10      that it is a violation of the law.  But the history and
11      characteristics of the event offender add a prospective to
12      that.  This is a community in which this kind of conduct has
13      been if not culturally accepted has been tolerated for many
14      years.  And that doesn't justify it or make it legal, it
15      doesn't explain away the offense, but it does provide an
16      explanation and understanding as to what was going on.
17           The next factor to be considered is the seriousness of
18      the offense and to promote respect for the law.  And I'm
19      going to take that into account.  But taking that into
20      account, I take into account also the other consequences
21      that have been suffered by this defendant in connection with
22      the offense and the seriousness that has been felt by her in
23      the community as a result of these actions.
24           Next is whether it is adequate to deter criminal
25      conduct.  I do not believe any punishment beyond that which
```

```
 1    I am going to impose is necessary to deter conduct.  It is
 2    certainly not definite and necessary to deter conduct of
 3    this defendant.  I'm satisfied completely by her statement
 4    that this conduct will not be repeated.  I also believe that
 5    the prosecution of this case provides sufficient deterrence
 6    for others in the community who might engage in this kind of
 7    conduct.
 8         I don't believe there is a need to protect the public
 9    from further crimes.  This is not a crime of violence.  This
10    is not a crime in which there were significant pecuniary
11    damages suffered by other members of the community or
12    victims other than that to which she has found restitution.
13    I am also going to take into account the need of the
14    defendant for medical care and emotional care and support of
15    her family which I believe are particularly significant in
16    this case.
17         Finally, I am going to take into account the
18    statements of other members of the community from a broad
19    range of persons who have provided their insight to the
20    court as to what would be appropriate in her case.
21         This is a woman who has spent her life as a member of
22    the community.  She has been active in the community, has
23    supported all members of the community of all races and has
24    been in all respects admirable as a member of society.  And
25    I'm going to impose sentence taking all of that into
```

```
 1     account.
 2          Also, I would note that the presentence report and
 3     other information provided supports that this defendant has
 4     been fully cooperative in providing information in
 5     connection with this offense.  She has in fact provided her
 6     entire collection, both those items which may have been
 7     collected illegally as well as those that were collected
 8     legally.  For all of those reasons I will impose sentence as
 9     follows.
10          It is the judgment of the Court that the Defendant,
11     Jeanne H. Redd, be placed on probation for a period of
12     36 months.  The Court finds that the defendant poses a low
13     risk of future substance abuse.  The Court suspends any
14     requirement that the defendant submit to mandatory drug
15     testing.
16          The Court orders that the Defendant shall submit to
17     the collection of a DNA sample at the direction of the
18     Bureau of Prisons or the United States Probation Office.
19     The Defendant shall not commit any federal, state or local
20     crime and as a convicted felon is prohibited from possessing
21     a firearm or other dangerous device while on supervision.
22          Defendant shall not illegally possess a controlled
23     substance and shall comply with standard conditions of
24     probation as adopted by this court.  Also, the following
25     special conditions shall be applied.
```

```
 1            The Defendant shall submit her person, residence,
 2       office or vehicle to a search conducted by the probation
 3       office at a reasonable time and in a reasonable manner based
 4       upon reasonable suspicion of contraband or evidence of a
 5       violation of a condition of release.  Failure to submit to a
 6       search may be grounds for revocation of probation.  The
 7       Defendant shall warn any other residents of the premises
 8       that it may be subject to search under these conditions.
 9            The Defendant shall refrain from entry onto tribal
10       lands and public lands owned by or administered by the BLM,
11       the United States Forest Service, the National Park Service
12       and the National Wildlife Refuge System during the period of
13       probation imposed by the court.  Exceptions are made for
14       travel through public lands on established highways or
15       public roads as necessary for travel consistent with the
16       defendant's personal and business affairs.  The Defendant is
17       not to associate in any way with the collection or
18       excavation of archeological artifacts.  The Defendant is to
19       refrain from the purchase, sale, exchange or excavation or
20       removal of archeological resources, regardless of their
21       legality or origin, and will refrain from associating with
22       persons involved in such activities.  The Court finds that
23       the defendant has the ability to pay a fine and I'm going to
24       order a fine in the amount of $2,000 with payments as set up
25       by the probation office on a regular basis to begin
```

```
 1      immediately.
 2           The Defendant shall also pay a special assessment fee
 3      in the amount of $700 which is $100 for each count to which
 4      she has pled guilty.
 5           Are there any other counts to be dismissed?
 6           MR. MCKELVIE:  No, Your Honor.
 7           THE COURT:  Any other -- now there is one last issue
 8      that I should address.  There is a forfeiture of items
 9      seized in connection with the offense.  Is that right,
10      Mr. McKelvie?
11           MR. MCKELVIE:  There is and the preliminary order of
12      forfeiture has been provided to the court.
13           THE COURT:  I am required in connection with the
14      sentence to orally pronounce the forfeiture of those items
15      and let me read them into the record.  They are the items
16      that are set forth in Exhibit A attached to the sentencing
17      memorandum with regard to forfeiture.  One Apple Imac Home
18      Computer to include screen and keyboard; three Dell towers;
19      one Magellan GPS unit, and 812 -- 812 miscellaneous
20      artifacts which are set forth in the bill of particulars.
21           Are there any other items that should be included in
22      the order of forfeiture?
23           MR. MCKELVIE:  No, Your Honor.  Not that I'm aware of.
24           MR. SNOW:  Judge, for the record, we should go back to
25      Jerrica Redd and you did the same thing because it is the
```

```
 1      same.
 2           THE COURT:  Yes I -- I made a mental note we'll
 3      reopening that sentencing to add that in but let's finish
 4      with Ms. Jeanne Redd first.
 5           Are there any other corrections that should be made or
 6      additions to the sentence imposed?
 7           MR. SNOW:  No, Judge.
 8           MR. MCKELVIE:  No, Your Honor.
 9           THE COURT:  I'm going to waive any interest on the
10      fine so that it will be $2,000 but there is no interest to
11      be collected on the fine as you make payment.
12           I should -- I am required to advise you that should
13      you wish to appeal this sentence, you must do so within ten
14      days to be consistent with your plea agreement.
15           Anything else we should discuss with Ms. Redd?
16           MR. MCKELVIE:  No, Your Honor.
17           MR. SNOW:  No.  Thank you.
18
19
20
21
22
23
24
25
```

```
 1    STATE OF UTAH           )
 2                            )ss
 3    COUNTY OF SALT LAKE     )
 4
 5              I, Laura W. Robinson, Certified Shorthand
 6    Reporter, Registered Professional Reporter and Notary Public
 7    within and for the County of Salt Lake, State of Utah, do
 8    hereby certify:
 9              That the foregoing proceedings were taken before
10    me at the time and place set forth herein and were taken
11    down by me in shorthand and thereafter transcribed into
12    typewriting under my direction and supervision;
13              That the foregoing pages contain a true and
14    correct transcription of my said shorthand notes so taken.
15              In witness whereof I have subscribed my name and
16    affixed my seal this 17th day of October, 2009.
17
18                                   _____
19                                   Laura W. Robinson, CSR, RPR, CP
20                                   and Notary Public
21
22    MY COMMISSION EXPIRES:
23    February 19, 2013
24
25
```